2008-NMCA-029

178 P.3d 834

**STATE of New Mexico, Plaintiff–Appellant,**

v.

**Ernest DOMINGUEZ, Defendant–Appellee.**

**No. 25,925.**

Court of Appeals of New Mexico.

Dec. 21, 2007.

Certiorari Denied, No. 30,064, Feb. 15, 2008.

Gary K. King, Attorney General, Santa Fe, NM, Jacqueline R. Medina, Assistant Attorney General, Albuquerque, NM, for Appellant.

John Bigelow, Chief Public Defender, Nancy M. Hewitt, Appellate Defender, Santa Fe, NM, for Appellee.

## OPINION

ALARID, Judge.

{1} The State appeals from the trial court's order dismissing five counts of a ten-count indictment against Defendant. This case raises the question of whether an indictment that divides an alleged course of criminal conduct into separate factually indistinguishable counts comports with due process. We conclude that in this case it does not, and that an indictment that lists a series of identical counts may fail to provide a defendant with adequate notice of the charges against him or to protect him from double jeopardy if the counts cannot be linked to particular, distinguishable criminal acts. Accordingly, we affirm the trial court's order dismissing five counts of the indictment against Defendant that could not be tied to individual, factually distinguishable incidents of alleged misconduct.

## BACKGROUND

{2} On May 30, 2003, the State filed a grand jury indictment against Defendant, charging him with committing, over approximately a ten-week period, ten counts of criminal sexual contact of a minor under the age of thirteen, contrary to NMSA 1978, § 30-9-13(A)(1) (2001) (amended 2003). All ten counts were the same, and each read as follows:

> [O]n or between August 25, 2002 and October 31, 2002, in Santa Fe County, New Mexico, the above-named Defendant did unlawfully and intentionally touch or apply force to the intimate parts of [the victim], and [the victim] was a child under thirteen (13) years of age, contrary to NMSA 1978, Section 30-9-13A(1) [sic].

Nothing in the indictment provided any information that would distinguish one count from any other count.

{3} Defendant moved to dismiss the indictment as violative of his right to due process under the United States Constitution, or, in the alternative, to compel the State to name specific instances of the alleged abuse, or, in the alternative, to permit Defendant to submit an instruction to the jury that would require jury members to unanimously find that he committed a particular act at a specific place and time in order for them to find him guilty on any of the counts. Defendant argued (1) that the indictment provided inadequate notice of the charged offenses and therefore interfered with his right to defend himself; (2) that the indictment risked placing him in double jeopardy since it was unclear what offenses he was being charged with and, as a result, he might later be charged again for the same offenses; and (3) that in the absence of a proper jury instruction, there ran the risk that some members of the jury might find him guilty of some offenses and other jury members might find him guilty of other offenses, without a unanimous verdict as to any single offense.

{4} The State filed a bill of particulars in an effort to justify the ten counts in the indictment. While the bill of particulars did provide information regarding some specific incidents, (e.g., "[The victim] remembers an incident where he was touched on a day that [his friend] had brought a camera to school to try to photograph [D]efendant during the touching."), much of what was contained in the bill of particulars did not describe individual events, and instead referred to an alleged course of ongoing conduct, (e.g., "[The victim] said [the touching] happened *at least* several times *every* week of *every* month during his 5th grade year." (emphasis in original)). The attorneys for both the State and Defendant interviewed the victim, who was not able to describe any incidents other than those included in the bill of particulars. After reviewing the bill of particulars, the trial court concluded that the State had provided Defendant with notice of the facts and circumstances as to five alleged incidents including: (1) an incident that occurred around mid-October of the victim's 5th grade year, (2) an incident that occurred following an injury at football practice in the late summer before the victim's 6th grade year, (3) an incident that occurred a month before the victim's birthday in his 6th grade year, (4) an incident that occurred a month before the victim informed his friend's sister of his accu-

sations against Defendant, and (5) the incident on the day when his friend brought a camera to school to document the alleged abuse.[1] The court concluded that five of the undifferentiated counts of the indictment could be based on these five events. The trial court allowed the case to go forward as to those five counts, and dismissed the remainder. The State appeals the trial court's order dismissing counts six through ten of the indictment.

## DISCUSSION

 {5} "We analyze the dismissal of criminal charges on due process grounds under a de novo standard, deferring to the district court's findings of fact when they are supported by substantial evidence." *State v. Hill*, 2005–NMCA–143, ¶ 16, 138 N.M. 693, 125 P.3d 1175. Procedural due process under the Fourteenth Amendment to the United States Constitution requires the State "to provide reasonable notice of charges against a person and a fair opportunity to defend." *State v. Baldonado*, 1998–NMCA–040, ¶ 21, 124 N.M. 745, 955 P.2d 214. Procedural due process "also requires that criminal charges provide criminal defendants with the ability to protect themselves from double jeopardy." *Valentine v. Konteh*, 395 F.3d 626, 634 (6th Cir.2005).

 {6} The State argues that the trial court erred in dismissing counts six through ten because "the information contained in [the] bill of particulars taken together with the charges set forth in the indictment, sufficiently notified [D]efendant that he was accused of committing crimes against the [victim] in [D]efendant's [6th] grade classroom between August 25, 2002, and October 31, 2002." Relying on *Baldonado*, 1998–NMCA–040, 124 N.M. 745, 955 P.2d 214, and *State v. Ervin*, 2002–NMCA–012, 131 N.M. 640, 41 P.3d 908, the State apparently believes that as long as the time period charged in the indictment is not excessively long, the indictment provides sufficient notice as a matter of law. We disagree, and we affirm the trial

court's order dismissing counts six through ten because we conclude that the indictment and the bill of particulars taken together did not meet the notice required under the Due Process Clause of the Fourteenth Amendment and did not protect Defendant from the possibility of double jeopardy as to those counts.

{7} In dismissing the five counts, the trial court relied on *Valentine*, in which the Sixth Circuit held that multiple, undifferentiated charges in an indictment violated the defendant's due process right to notice and his due process right to an indictment that protects him from double jeopardy. 395 F.3d at 631. In *Valentine*, the defendant was charged with twenty counts of child rape and twenty counts of felonious sexual penetration. *Id.* at 628. Each count of child rape stated that between March 1, 1995, and January 16, 1996, the defendant engaged in sexual contact with the victim "by purposely compelling her to submit by the use of force or threat of force." *Id.* at 629 (internal quotation marks omitted). Each count of felonious sexual penetration stated that between March 1, 1995, and January 16, 1996, the defendant inserted his finger into the vaginal or anal cavity of the victim "by purposely compelling her to submit by force or threat of force." *Id.* (internal quotation marks omitted). A bill of particulars stated that the offenses all took place in the defendant's home, but did not offer further information that would differentiate among the counts. *Id.*

{8} The Sixth Circuit held that the indictment violated the defendant's due process right to adequate notice of the charges against him because:

> within each set of 20 counts [for child rape and felonious sexual penetration, respectively], there are absolutely no distinctions made.... In its charges and in its evidence before the jury, the prosecution did not attempt to lay out the factual bases of forty separate incidents that took place. Instead, the 8–year–old victim described

1. Because these events span both the victim's 5th and 6th grade years, some of them must necessarily fall outside of the ten-week period alleged in the indictment. However, Defendant has not challenged this aspect of the trial court's ruling,

and we do not address any possible error the trial court may have made in relying on these five incidents as the basis for the five counts in the indictment.

'typical' abusive behavior by [the defendant] and then testified that the 'typical' abuse occurred twenty or fifteen times. *Id.* at 632–33. The indictment provided the defendant with "little ability to defend himself" since the counts were not anchored to particular offenses. *Id.* at 633. The court noted that it would have been impossible for the jury to conclude that the defendant was guilty of some of the offenses, but not others; a finding that the defendant was guilty as to "Counts 1, 3, 5 and 7, but not the rest ... would be unintelligible, because the criminal counts were not connected to distinguishable incidents. The jury could have found him 'not guilty' of some of the counts only if they reached the conclusion that the child victim had overestimated the number of abusive acts." *Id.*

{9} The Sixth Circuit concluded that the indictment also violated the defendant's right to due process since it presented two potential double jeopardy problems. First, the indictment was not sufficiently specific to permit the defendant to plead a conviction or an acquittal as a bar to future prosecutions, and second, "the undifferentiated counts introduced the very real possibility that [the defendant] would be subject to double jeopardy in his initial trial by being punished multiple times for what may have been the same offense." *Id.* at 634–35.

 {10} We agree with the trial court that in this case, as in *Valentine*, the charges in the indictment provided sufficient notice and protected Defendant from double jeopardy only insofar as the State was able to describe separate incidents in the bill of particulars. Therefore, the trial court properly dismissed those five counts that could not be linked to a particular incident of abuse. This Court has recognized that the failure to describe the offenses in an indictment with some particularity violates due process where there are allegations that several similar incidents took place and the defendant cannot tell from the charging document which events he is being prosecuted for. *See State v. Foster*, 87 N.M. 155, 157–58, 530 P.2d 949, 951–52 (Ct.App.1974) (holding that the charging document violated due process where it alleged a single sexual offense that took place in or around August 1973, but then the alleged victim testified as to three offenses that took place around that time, so that the defendant did not know which act he was charged with and convicted of). Although we have allowed some leeway in the charging period where child victims are unable to recall dates with specificity, *see Baldonado*, 1998–NMCA–040, ¶ 21, 124 N.M. 745, 955 P.2d 214; *Ervin*, 2002–NMCA–012, ¶ 13, 131 N.M. 640, 41 P.3d 908, we have never held that the State may move forward with a prosecution of supposedly distinct offenses based on no distinguishing facts or circumstances at all, simply because the victim is a child. When a child cannot remember specific dates, a defendant may still have adequate notice if the child or other witnesses are able to provide facts sufficient to identify distinct incidents of abuse. *See, e.g., State v. Gardner*, 2003–NMCA–107, ¶¶ 26–28, 134 N.M. 294, 76 P.3d 47 (indicating that allegations of two separate incidents of abuse specifically described by the victims were sufficient to provide notice of the offenses charged even though the victims did not remember particular dates). And if the State can only support its indictment with a child's statements regarding a defendant's course of conduct and does not have enough specific information to charge distinct incidents of abuse, the State is still able to go forward with the prosecution since this Court has held that evidence of a course of conduct will support a single count of abuse. *See id.* (holding that a victim's allegations supported one count for a pattern of conduct when they described "a continuing course of conduct under circumstances where [the defendant] ... had frequent but unpredictable access to [the victim] such that the alleged contact occurred continuously and randomly"); *State v. Altgilbers*, 109 N.M. 453, 465, 786 P.2d 680, 692 (Ct.App. 1989) (explaining that the prosecution may charge one count for multiple acts that constitute a course of conduct); *see also Valentine*, 395 F.3d at 632 ("The problem ... is not the fact that the prosecution did not provide the defendant with exact times and places. If there had been singular counts of each offense, the lack of particularity would not have presented the same problem.").

{11} If the State believes that a single count or even several counts describing particular incidents do not reflect the severity of ongoing criminal conduct, the remedy is not to violate a defendant's due process rights by dividing the course of conduct into indistinguishable counts. Perhaps the remedy is legislative, through a statute that defines a unit of prosecution as a particular course of conduct, one to be punished more severely than only particularly identifiable incidents of abuse. *See Valentine*, 395 F.3d at 634 ("States have the authority to enact criminal statutes regarding a 'pattern' or a 'continuing course' of abuse."). Unless the legislature does so, the State must either charge ongoing conduct as a single offense or charge a defendant with and provide evidence of distinct offenses that will support multiple counts. Here we conclude that the trial court properly dismissed those counts for which the State could offer no specific facts to distinguish them from any other count.

{12} The State proposes another ground for reversal. It argues that the trial court erred in dismissing five of the counts based on the trial court's mistaken belief that the ten charges were alleged to have occurred over a period of two years, rather than a period of ten weeks. We do not agree that this mistake on the trial court's part requires reversal. First, the State's argument appears to misunderstand the basis of the trial court's ruling, which was not related to the length of the charging period, and was based instead on the lack of any distinguishing characteristics among the counts. Because the trial court's mistake as to the length of the charging period would not have affected its analysis regarding the sufficiency of the indictment, we will not reverse the trial court on that basis. *See Specter v. Specter*, 85 N.M. 112, 114, 509 P.2d 879, 881 (1973) (stating that "erroneous findings of fact unnecessary to support the judgment of the court are not grounds for reversal").

{13} Second, any factual misunderstanding the trial court may have had regarding the charging period was invited by the State when the State submitted a bill of particulars that included events covering a two-year period. We will not allow the State to invite error and then to complain of it. *Cf. State v. Young*, 117 N.M. 688, 690, 875 P.2d 1119, 1121 (Ct.App.1994) ("[T]o allow a defendant to invite error and to subsequently complain about that very error would subvert the orderly and equitable administration of justice.").

## CONCLUSION

{14} We conclude that the trial court properly dismissed those counts of the indictment that could not be linked to individual incidents of abuse. Accordingly, we affirm.

{15} **IT IS SO ORDERED.**

WE CONCUR: JONATHAN B. SUTIN, Chief Judge and CYNTHIA A. FRY, Judge.