This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

     Plaintiff-Appellee,

v.                                      **NO. 28,026**

**JAMES DOMINGUEZ,**

     Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Albert S. "Pat" Murdoch, District Judge**

Gary K. King, Attorney General
Nicole Beder, Assistant Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Carlos Ruiz de la Torre, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**GARCIA, Judge.**

     James Dominguez (Defendant) appeals his convictions of eighteen counts of

criminal sexual penetration of a child under thirteen (CSPM). Defendant raises four issues on appeal: (1) the district court erred in failing to dismiss nine carbon-copy counts; (2) there was insufficient evidence to support counts one through ten; (3) the district court erred in making three evidentiary rulings; and (4) the district court erred in not dismissing several of the counts for improper venue . We reverse Defendant's convictions for Counts 2, 4, 5, 6, 8, 10, 12, 14, 16, and 18 as set forth in the judgment and sentence. We affirm as to Counts 1, 3, 7, 9, 11, 13, 15, and 17 as set forth in the judgment and sentence

**BACKGROUND**

Defendant's convictions are based on sexual abuse of his step-daughter (Child). The abuse occurred over a four-year period beginning when Child was four years old. Defendant was convicted on eighteen counts after a jury trial. We refer in this opinion to the counts as listed in the judgment and sentence and not the counts as set forth in the grand jury indictment. This appeal followed.

**DISCUSSION**

**Due Process and Double Jeopardy Violations**

Defendant was convicted of two counts of each of the following: (1) fellatio between July 20, 2000 and July 19, 2001 (Counts 1 and 2); (2) fellatio between July 20, 2001 and July 19, 2002 (Counts 3 and 4); (3) anal intercourse between July 20,

2

2001 and July 19, 2002 (Counts 5 and 6); (4) fellatio between July 20, 2002 and July 19, 2003 (Counts 7 and 8); (5) anal intercourse between July 20, 2002 and July 19, 2003 (Counts 9 and 10); (6) fellatio between July 20, 2003 and July 19, 2004 (Counts 11 and 12); (7) anal intercourse between July 20, 2003 and July 19, 2004 (Counts 13 and 14); (8) fellatio between July 19, 2004 and December 31, 2004 (Counts 15 and 16); and (9) anal intercourse between July 19, 2004 and December 31, 2004 (Counts 17 and 18).  Each duplicate set of counts was identical.  Defendant argues that his due process and double jeopardy rights were violated because nine of the charges were carbon-copy counts based on overly broad and vague date ranges.  Defendant requests that we reverse on the nine carbon-copy counts.  We review Defendant's due process and double jeopardy claims de novo. *State v. Dominguez*, 2008-NMCA-029, ¶ 5, 143 N.M. 549, 178 P.3d 834 (filed 2007); *State v. Andazola*, 2003-NMCA-146, ¶ 14, 134 N.M. 710, 82 P.3d 77.

Constitutional procedural due process "requires the [s]tate to provide reasonable notice of charges against a person and a fair opportunity to defend." *Dominguez*, 2008-NMCA-029, ¶ 5 (internal quotation marks and citation omitted). Due process also requires that defendants be able to protect themselves from double jeopardy. *Id.* "[T]he failure to describe the offenses in an indictment with some particularity violates due process where there are allegations that several similar incidents took

place and the defendant cannot tell from the charging document which events he is being prosecuted for." *Id.* ¶ 10; *see State v. Tafoya*, 2010-NMCA-010, ¶ 21, 147 N.M. 602, 227 P.3d 92 (filed 2009) (stating that factually indistinguishable counts may violate a defendant's right to due process and double jeopardy), *cert. denied*, 2009-NMCERT-012, 147 N.M. 600, 227 P.3d 90. For CSPM cases, the state can charge either ongoing conduct as a single count or multiple counts supported by evidence of distinct offenses. *Dominguez*, 2008-NMCA-029, ¶ 11.

Defendant relies on *Valentine v. Konteh*, 395 F.3d 626 (6th Cir. 2005), to support his argument that the carbon-copy counts violated double jeopardy. The reasoning in *Valentine* was adopted in *Dominguez*, 2008-NMCA-029, ¶¶ 7-11. In *Tafoya*, we recently affirmed our decision in *Dominguez*. The case before us is factually similar to *Tafoya*. The defendant in *Tafoya* was charged with two sets of indistinguishable counts of CSPM. 2010-NMCA-010, ¶¶ 1, 23-24. At trial, the victim described a pattern of abuse and stated that each happened lots of times, but she did not relate the acts to a specific incident. *Id.* ¶ 24. We held that the undifferentiated counts violated the defendant's right to due process and allowed only one count for each type of CSPM. *Id.*; *see Dominguez*, 2008-NMCA-029, ¶¶ 1, 10-11 (affirming the dismissal of five counts of criminal sexual contact of a minor "that could not be tied to individual, factually distinguishable incidents of alleged

4

misconduct" because it would have violated the defendant's due process to defend against the five carbon-copy counts that were not factually distinguished from one another).

Similar to *Tafoya* and *Dominguez*, the State in this case did not provide factual differentiation between the carbon-copy counts. Child essentially testified that acts of anal CSPM and fellatio occurred more than once each year when she was four, five, six, seven, and eight years old. The testimony differentiated between charging periods but not between each count within a charging period. The State failed to distinguish between the identical counts by tying the count to a specific event. Instead, the evidence only established a pattern of conduct. In addition, the jury instructions for each set of charges were identical. *See Swafford v. State*, 112 N.M. 3, 14, 810 P.2d 1223, 1234 (1991) (requiring that the jury be able to reasonably infer "independent factual bases for the charged offenses" in order to survive a double jeopardy claim). There is no independent factual basis to distinguish any of the duplicate counts for which the jury was instructed to consider when it convicted Defendant.

Without testimony tying each count to a specific event, there is no way to differentiate between each of the duplicate counts. The state cannot prosecute "supposedly distinct offenses based on no distinguishing facts or circumstances at all" because a defendant is unable to properly defend against such carbon-copy charges.

*Dominguez*, 2008-NMCA-029, ¶ 10. The carbon-copy charges in this case violated Defendant's due process right to protect himself from double jeopardy. *See Tafoya*, 2010-NMCA-010, ¶ 24; *Dominguez*, 2008-NMCA-029, ¶ 10. We reverse one of each of the indistinguishable convictions set forth in the judgment and sentence: Count 2, Count 4, Count 6, Count 8, Count 10, Count 12, Count 14, Count 16, and Count 18. *See Tafoya*, 2010-NMCA-010, ¶ 24 (reversing only one of two convictions for vaginal CSPM and for anal CSPM because there was no due process violation for each remaining single count when the evidence established a pattern of conduct during the charging period and the defendant had notice and an opportunity to defend).

Defendant also generally asserts that the district court erred by not determining whether the charging periods were too vague. Defendant cites to the nine factors listed in *State v. Baldonado*, 1998-NMCA-040, ¶¶ 26-29, 124 N.M. 745, 955 P.2d 214, that are analyzed to determine if the state could have provided greater specificity and if the defendant was prejudiced by vague charging periods. Defendant, however, does not develop his argument under *Baldonado* by analyzing the nine factors. For this reason, we will not address Defendant's undeveloped argument. *See State v. Fuentes*, 2010-NMCA-027, ¶ 29, 147 N.M. 761, 228 P.3d 1181 (filed 2009) (declining to review the defendant's undeveloped argument), *cert. denied*, 2010-NMCERT-002, 147 N.M. 704, 228 P.3d 488.

**Sufficiency of the Evidence for Counts 1 Through 10**

Defendant argues that there was insufficient evidence to support a conviction for Counts 1 through 10. We have already reversed Counts 2, 4, 6, 8, and 10. In its brief, the State concedes there was insufficient evidence for Count 5, so we dismiss this count as well. Therefore, we limit our analysis of the sufficiency of the evidence to Counts 1, 3, 7, and 9.

"Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829 (filed 1998). When reviewing whether there is substantial evidence, we determine whether a rational jury could have found the essential elements of the crime beyond a reasonable doubt. *Id.* We review the evidence, "resolv[ing] all disputed facts in favor of the [s]tate, indulg[ing] all reasonable inferences in support of the verdict, and disregard[ing] all evidence and inferences to the contrary." *Id.*

"Criminal sexual penetration is the unlawful and intentional causing of a person to engage in sexual intercourse, cunnilingus, fellatio or anal intercourse or the causing of penetration, to any extent and with any object, of the genital or anal openings of another, whether or not there is any emission." NMSA 1978, § 30-9-11(A) (1995, as amended through 2009). Criminal sexual penetration on a child under the age of

thirteen is criminal sexual penetration in the first degree. Section 30-9-11(C). For Count 1, 3, and 7, the State had to prove that Defendant made Child, who was under the age of thirteen, engage in fellatio between the specified dates. *See* § 30-9-11; UJI 14-957 NMRA. For Count 9, the State had to prove that Defendant inserted his penis into Child's anus between July 20, 2002 and July 19, 2003. *See* § 30-9-11; UJI 14-957.

Child testified that since she was four years old, Defendant would take her into his bedroom and put his penis in her mouth. He did this more than once each year when she was four, five, six, seven, and eight years old. She also stated that starting when she was six and continuing until she was eight, for a total of three years, Defendant would place his penis in her anus. Defendant does not dispute that Child's testimony covered the charging periods in question. Defendant instead argues that Child's testimony alone was not sufficient to prove the acts occurred. We disagree. Child's testimony is sufficient to support Defendant's convictions for Counts 1, 3, 7, and 9. *See* NMSA 1978, § 30-9-15 (1975) (stating that in prosecutions for criminal sexual penetration, the "testimony of a victim need not be corroborated"); *State v. Hunter*, 101 N.M. 5, 6, 677 P.2d 618, 619 (1984) (stating that in the prosecution for criminal sexual penetration, the testimony of the victim does not need corroboration); *State v. Ervin*, 2008-NMCA-016, ¶ 36, 143 N.M. 493, 177 P.3d 1067 (filed 2007)

8

(determining that the child's testimony alone was enough to support a conviction for CSPM). For the foregoing reasons, we reverse Defendant's conviction for Count 5, and we affirm the convictions for Counts 1, 3, 7, and 9.

**Evidentiary Issues**

Defendant argues that the district court erred in three evidentiary rulings: (1) Ms. Robinson, the school guidance counselor, should not have been allowed to give her opinion that it is normal for children to not disclose sexual abuse at initial interviews; (2) Ms. Robinson should not have been able to repeat a hearsay statement that Defendant sometimes drinks and hits Child's mother; and (3) evidence should have been allowed that Child probably was aware that her mother was a victim of sexual abuse as a child. We review the admission or exclusion of evidence under an abuse of discretion standard. *State v. Johnson*, 2010-NMSC-016, ¶ 40, 148 N.M. 50, 229 P.3d 523.

Prior to trial, Defendant filed a motion to exclude any expert testimony from Ms. Robinson. Before trial, Defendant requested that Ms. Robinson be prohibited from testifying that children do not always disclose sexual abuse during the first interview regarding abuse. The district court allowed Ms. Robinson to testify "that in her experience it's not abnormal for a child not to disclose everything at the initial or subsequent interviews." At trial, Ms. Robinson testified that she was not surprised

that Child did not disclose any sexual abuse during their initial discussion because "[c]hildren often will test the waters when they want to talk about sexual abuse. First, they will tell you——they will disclose something that's not as serious, something that is safer to talk about." Defendant argues that this testimony should not have been allowed because it was not lay opinion testimony under Rule 11-701 NMRA and Ms. Robinson was not admitted as an expert Rule 11-702 NMRA. Even if we assume without deciding that there was error, we conclude that any error was harmless in this case.

"[A] non-constitutional error is harmless when there is no reasonable *probability* the error affected the verdict." *State v. Barr*, 2009-NMSC-024, ¶ 53, 146 N.M. 301, 210 P.3d 198. "[N]on-constitutional error is reversible only if [we are] able to say, in the context of the specific evidence presented at trial, that it is reasonably probable that the jury's verdict would have been different but for the error." *Id.* ¶ 54. In reviewing whether such an error was harmless, we consider several factors. We determine whether there is "(1) substantial evidence to support the conviction without reference to the improperly admitted evidence; (2) such a disproportionate volume of permissible evidence that, in comparison, the amount of improper evidence will appear minuscule; and (3) no substantial conflicting evidence to discredit the [s]tate's testimony." *Id.* ¶ 56. (footnote omitted).

In this case, the State presented ample testimony to establish Defendant's guilt. Most importantly, Child testified in detail to the abuse, and her sister testified that she witnessed the abuse. Nine witnesses testified over a two-day period. In comparison to the two days of testimony, Ms. Robinson's statement appears minuscule. Defendant did not present any testimony to contradict Ms. Robinson's testimony. His testimony was that he did not commit the abuse. Overall, Ms. Robinson's statement had little effect on the trial. We determine that the admission of the statement was harmless error.

Defendant's second evidentiary issue involving Ms. Robinson was not preserved for appellate review. Prior to trial, Defendant won a pre-trial motion that evidence of physical abuse against Child's mother was not admissible. At trial, Ms. Robinson testified that Child had told her, "Sometimes my dad drinks. He hits. Sometimes he hits mom." Defendant did not object at trial to this testimony. Defendant on appeal argues that the testimony was inadmissible, irrelevant hearsay that was more prejudicial than probative. By not objecting at trial, Defendant failed to preserve his arguments. *See* Rule 12-216(A) NMRA ("To preserve a question for review it must appear that a ruling or decision by the district court was fairly invoked[.]"). We therefore will not review Defendant's second evidentiary argument regarding Ms. Robinson's hearsay statements.

Defendant's final evidentiary issue involves the exclusion of evidence. Defendant argues that the district court erred in excluding evidence that Child probably knew that her mother suffered sexual abuse as a child. Prior to trial, the State filed a motion in limine to exclude the evidence because it was irrelevant. The district court gave Defendant the opportunity to prove its relevance by establishing that Child heard her mother discussing her own prior abuse. During cross-examination, Defendant asked Child if she had ever heard her mother talking about what abuse happened to her when she was little, and Child replied that she had not heard her mom talking about it. Defendant then explained to the court that he wanted to ask Child's mother about the statements she made to Defendant regarding abuse when she was a child. The district court again stated that the testimony would not be allowed unless Defendant could establish that Child heard the discussion.

Defendant argues on appeal that the "district court did not allow for an adequate inquiry regarding this issue because there was no opportunity for defense counsel to question [Child's] mother[.]" We are unpersuaded by this argument. Defendant had the opportunity to establish that Child knew about her mother's sexual abuse, and Child stated that she did not know about the abuse. The court granted Defendant the opportunity to establish the relevancy of the information, and Defendant failed to do so. We agree with the district court that unless Child knew about the abuse, the

12

information was irrelevant to the trial. Based on the record presented, there was no abuse of discretion in excluding the testimony. *See State v. Riley*, 2010-NMSC-005, ¶ 28, 147 N.M. 557, 226 P.3d 656 (stating that a district court has wide discretion in admitting or denying evidence and that an abuse of discretion occurs when the ruling is clearly against the logic of the case).

We affirm the district court on Defendant's evidentiary arguments.

**Venue**

We analyze Defendant's venue argument as it pertains to Counts 1, 3, and 7 because the argument is moot for those convictions that we have already reversed. Defendant argues that these counts should be dismissed because venue was not proper in Bernalillo County. At trial, the undisputed evidence established that some of the alleged crimes occurred in Sandoval County. Child's mother explained that the family lived in Rio Rancho during part of the charging periods. At the close of the State's evidence, Defendant moved for a directed verdict on several of the counts based on improper venue since the counts occurred in Sandoval County and not Bernalillo County. The district court denied the motion because the issue may have been waived and because public policy dictated that the counts should be brought together. We review the court's denial of Defendant's motion for a directed verdict de novo. *See State v. Cruz*, 2010-NMCA-011, ¶ 16, 147 N.M. 753, 228 P.3d 1173 (filed 2009) ("A

13

motion to dismiss for improper venue involves questions of law that we review de novo." (internal quotation marks and citation omitted)), *cert. granted*, 2010-NMCERT-001, 147 N.M. 674, 227 P.3d 1056.

Defendants have a constitutional and statutory right to have a trial in the county where the crime occurred. N.M. Const. art. II, § 14 (stating that "[i]n all criminal prosecutions, the accused shall have the right to . . . a speedy public trial by an impartial jury of the county or district in which the offense is alleged to have been committed"); NMSA 1978, § 30-1-14 (1963) ("All trials of crime shall be had in the county in which they were committed."); *see State v. Ramirez*, 92 N.M. 206, 208-09, 585 P.2d 651, 653-54 (Ct. App. 1978) (reversing criminal sexual penetration convictions that were brought in the wrong county). However, this right may be lost if not properly raised. Rule 5-601(D) NMRA requires defendants to challenge venue within ninety days of arraignment. *See Cruz*, 2010-NMCA-011, ¶ 17 ("Pursuant to the Rules of Criminal Procedure, [a d]efendant must file a motion to dismiss for improper venue within ninety days of arraignment."); *see also State v. Lopez*, 84 N.M. 805, 807, 508 P.2d 1292, 1294 (1973) (stating that the personal right or privilege of venue may be waived by the accused).

Defendant lost the opportunity to challenge venue by not raising the issue earlier. Defendant had the opportunity after arraignment to challenge venue once he

14

learned that the acts were alleged to have occurred at his residence. On appeal, Defendant does not argue circumstances constituting good cause for the delay in challenging venue. *See* Rule 5-601(D) (allowing the district court to waive the ninety-day filing period upon a showing of good cause). Defendant's venue challenge after the State rested its case was untimely. *See Cruz*, 2010-NMCA-011, ¶ 17 (determining that the defendant's objection to improper venue was untimely when she waited to file a motion to dismiss for improper venue until the eve of trial almost six months after waiving arraignment). Defendant failed to explain or adequately address the untimeliness of his venue motion that was only raised at trial, after the completion of the State's evidence.

**CONCLUSION**

Defendant was charged with nine carbon-copy counts in violation of his due process right to protect himself from double jeopardy. The State also concedes that there was not sufficient evidence presented to support convictions on Counts 5 and 6. We therefore reverse Defendant's convictions for Counts 2, 4, 5, 6, 8, 10, 12, 14, 16, and 18 as set forth in the judgment and sentence. We affirm Defendant's convictions for Counts 1, 3, 7, 9, 11, 13, 15, and 17 as set forth in the judgment and sentence. We remand to the district court for re-sentencing consistent with this opinion.

**IT IS SO ORDERED.**

15

                                      _____

**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____

**JAMES J. WECHSLER, Judge**

_____

**JONATHAN B. SUTIN, Judge**