This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-35877**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**ALBERTO CRUZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Benjamin Chavez, District Judge**

Hector H. Balderas, Attorney General
Eran Sharon, Assistant Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
MJ Edge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**B. ZAMORA, Judge.**

**{1}** Defendant Alberto Cruz appeals his convictions for two counts of criminal sexual penetration of a minor (CSPM) (Counts 1 and 2), contrary to NMSA 1978, Section 30-9-11(D) (2009), and one count (Count 3) of criminal sexual contact of a minor (CSCM), contrary to NMSA 1978, Section 30-9-13(C) (2003). On appeal, Defendant argues that: (1) there was insufficient evidence to support the jury's convictions; (2) the district court erred in rejecting his proposed jury instruction on jury unanimity; and (3) prosecutorial error deprived him of a fair trial. Unpersuaded, we affirm.

**BACKGROUND**

**{2}**     Defendant and Sharon (Mother) had five children together, including S.C. (Victim). Before being charged in this case, Defendant, a truck driver, would take three of the children, including Victim, on the road with him. At times, Victim would go on trips with Defendant by herself. The trips were mainly to places out-of-state and would last for a few days. In addition to these trips, Victim would stay with Defendant overnight in hotels and in a mobile home he lived in.

**{3}**     In January 2014 Victim disclosed to her Mother that Defendant touched her inappropriately, which prompted Mother to call the police. Defendant was subsequently charged with three counts of CSPM, or in the alternative CSCM, and one count of CSCM, or in the alternative attempt to commit a felony, for incidents occurring on or between July 16, 2011, and June 1, 2013. At trial, Victim recounted multiple incidents where Defendant touched her inappropriately. Victim testified that the first time Defendant touched her occurred in Defendant's truck when Victim awoke to discover Defendant had removed her pants and underwear and was touching both the inner and outer part of her private area with his fingers. A similar incident occurred in a bed at a hotel a few weeks later. In addition, Victim testified that Defendant inappropriately touched her on numerous other occasions in Defendant's truck, his mobile home, and in hotels. Victim also described sexual abuse that occurred at her Mother's house, in which Defendant took Victim's hand and placed it on "his private part."

**{4}**     By 2012, Defendant had moved out of the family home after Sa.C., one of Victim's sisters, alleged Defendant sexually and physically abused her. Defendant filed a motion in limine in Victim's case seeking to exclude testimony regarding the sexual abuse of Sa.C., which the district court granted. Consequently, at trial in this case, the jury was informed only that Defendant had moved out of the family home in 2012. Following his convictions on two of the CSPM counts and the one count of CSCM,[1] Defendant appealed.

**DISCUSSION**

**I.     There Was Sufficient Evidence to Support Defendant's Convictions**

**{5}**     Defendant argues that there was insufficient evidence to support his convictions. We review the record to determine "whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilt beyond a reasonable doubt with respect to every element essential to a conviction." *State v. Day*, 2008-NMSC-007, ¶ 15, 143 N.M. 359, 176 P.3d 1091 (internal quotation marks and citation omitted). "We view the evidence in the light most favorable to the verdict, resolving all conflicts therein and indulging all permissible inferences therefrom in favor of the verdict." *Id.* (internal quotation marks and citation omitted). We will not "weigh the evidence, nor do we substitute our judgment for that of the fact[-]finder so long as there is sufficient evidence

---

1After the district court dismissed the original Count 3 (CSPM) on a directed verdict, the CSCM charge was then renumbered to Count 3, which was originally charged as Count 4.

to support the verdict." *Id.* (alteration, internal quotation marks, and citation omitted). Our analysis "recognize[s] that the fact[-]finder is free to reject the defendant's version of the events." *Id.* The jury instructions become the law of the case against which the sufficiency of the evidence is measured. *State v. Arrendondo*, 2012-NMSC-013, ¶ 18, 278 P.3d 517.

**{6}** Defendant specifically argues there was insufficient evidence to establish that Counts 1, 2, and 3 occurred within the charged timeframe—i.e., on or between July 16, 2011, and June 1, 2013—and that Count 1 happened in New Mexico. As we explain below, we agree with the State that there was sufficient evidence to establish these elements. Regarding timing, Victim testified that her birthdate was July 16, 2005. As to the first instance of CSPM (Count 1), Victim testified that she was seven years old when the abuse occurred and acknowledged that she told a S.A.F.E. house interviewer that she was six or seven years old when Defendant first touched her in the truck. Victim also indicated that the instances in the hotel and mobile home, the conduct the jury could have relied on to convict under Counts 2 and 3, followed the first incident in the truck. Additionally, Mother testified that Defendant had not seen Victim since June 2013, shortly before Victim turned eight, precluding any possibility that Defendant had touched Victim after that date. Based on this testimony, the jury could have reasonably inferred that all of the crimes were committed on or between July 16, 2011, Victim's sixth birthday, and June 1, 2013, approximately the last time Defendant saw Victim.

**{7}** We acknowledge that there were discrepancies in the testimony before the jury regarding Victim's exact age at the time Defendant committed each act. Specifically, Defendant directs our attention to Victim's testimony that Defendant touched her when she was eight or nine, which would have placed the date of the incident after June 1, 2013. However, "[w]hen parts of a witness's testimony are conflicting and ambiguous, it is the exclusive province of the jury to resolve the factual inconsistencies in that testimony." *State v. Sena*, 2008-NMSC-053, ¶ 11, 144 N.M. 821, 192 P.3d 1198 (alterations, internal quotation marks, and citation, omitted)). Additionally, "it is not difficult to appreciate that young children cannot be held to an adult's ability to comprehend and recall dates and other specifics. The predictable limitations of young witnesses should not be turned into a reason to prevent prosecution of their abusers." *State v. Baldonado*, 1998-NMCA-040, ¶ 20, 124 N.M. 745, 955 P.2d 214 (alteration, internal quotation marks, and citation, omitted). Based on the evidence presented at trial, the jury could have found the instances of sexual misconduct charged in Counts 1, 2, and 3 occurred on or between July 16, 2011, and June 1, 2013.

**{8}** Regarding the location of where the CSPM occurred as charged in Count 1, Victim initially testified that she was not sure where Defendant and Victim were when the crime occurred, but later testified that Defendant's truck was parked at a truck stop in Albuquerque. As we have noted above, the jury was free to believe Victim's testimony that Defendant touched her in Albuquerque. *See Sena*, 2008-NMSC-053, ¶ 11. Accordingly, there were sufficient facts presented to the jury to find the crime was committed in New Mexico.

**{9}** We therefore hold that there was sufficient evidence supporting Defendant's convictions.

## II. Rejection of Defendant's Unanimity Instruction for CSPM (Count 2) Was Not Error

**{10}** Defendant next argues that the district court erred in rejecting his proposed jury unanimity instruction. Specifically, Defendant requested that the jury be instructed that "[i]n order to return a verdict of guilty on Count 2, you must be unanimous as to the specific series of events or at least one event that has been proved beyond a reasonable doubt." We "review a [district] court's rejection of proposed jury instructions de novo, because the rejection is closer to a determination of law than a determination of fact." *State v. Percival*, 2017-NMCA-042, ¶ 8, 394 P.3d 979 (alteration, internal quotation marks, and citation omitted). "If the alleged error has been preserved, we review for reversible error. . . . A jury instruction which does not instruct the jury upon all questions of law essential for a conviction of any crime submitted to the jury is reversible error." *Id.* (internal quotation marks and citation omitted). Further, "[w]e review jury instructions to determine whether a reasonable juror would have been confused or misdirected by the jury instructions. We consider jury instructions as a whole, not singly." *State v. Montoya*, 2003-NMSC-004, ¶ 23, 133 N.M. 84, 61 P.3d 793 (citation omitted).

**{11}** Defendant argues that the jury may have reached a verdict that was not unanimous as to Count 2, because some jurors may have convicted Defendant for one incident of sexual abuse, while other jurors may have convicted Defendant for an entirely different incident of sexual abuse. As we explain, we disagree that the district court's rejection of Defendant's proposed instruction was reversible error and conclude that it was sufficient for the district court to give only the "standard unanimity instruction." *See* UJI 14-6008 NMRA ("Your verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agrees. Your verdict must be unanimous.").

**{12}** The State charged Defendant with CSPM in Count 2 based on a continuing course of conduct, which was permissible. *See State v. Tafoya*, 2010-NMCA-010, ¶ 30, 147 N.M. 602, 227 P.3d 92 (stating "[a] defendant's distinguishable charges may be based on various distinct incidents or may be based on a general allegation of wrongful conduct that continually occurred"); *State v. Dominguez*, 2008-NMCA-029, ¶ 10, 143 N.M. 549, 178 P.3d 834 (stating "if the [s]tate can only support its indictment with a child's statements regarding a defendant's course of conduct and does not have enough specific information to charge distinct incidents of abuse, the [s]tate is still able to go forward with the prosecution since . . . evidence of a course of conduct will support a single count of abuse"). Here, the jury was instructed to distinguish between the conduct that formed the basis of Count 1, i.e., the first incident of CSCM that occurred in the truck, and the ongoing conduct that formed the basis of Count 2. Specifically, the jury was instructed that to find Defendant guilty of Count 2 it must find "ongoing conduct" that did "not includ[e] the conduct charged in Count 1." Based on Victim's

testimony, there was sufficient evidence for the jury to convict Defendant of the ongoing sexual misconduct that occurred separate from the conduct giving rise to Count 1. Victim's testimony that Defendant penetrated her vaginal area during each incident, including in Defendant's motel rooms and mobile home, provided sufficient evidence to support evidence of continual sexual abuse.

**{13}** Defendant contends that the testimony established different incidents that could provide proof of a course of conduct and "[d]epending on how jurors parsed and reconciled the testimony, they could have reasonably believed there was something to warrant a guilty verdict on Count 2, without ever having to agree on what." We are unpersuaded by Defendant's contention. As established above, it was permissible for the State to proceed on a single count based on a continuing course of conduct. Moreover, "[t]he state need only prove all the elements of the offense, and it is not an element of the crime that it have some distinguishing characteristic." *State v. Altgilbers*, 1989-NMCA-106, ¶ 55, 109 N.M. 453, 786 P.2d 680. A "victim's inability to distinguish the individual acts [does] not render [the victim's] testimony so inherently suspect as to be insufficient to support a conviction." *Id.* Defendant's same argument has been rejected in the context of verdicts resulting from alternative theories presented for a single charge. In that context, we held that if "alternative theories of guilt are put forth under a single charge, jury unanimity is required only as to the verdict, not to any particular theory of guilt." *See State v. Godoy*, 2012-NMCA-084, ¶ 6, 284 P.3d 410 ("[A] jury's general verdict will not be disturbed in such a case where substantial evidence exists in the record supporting at least one of the theories of the crime presented to the jury." (internal quotation marks and citation omitted)). We explained further that, in returning general verdicts, "jurors should [not] be required to agree upon a single means of commission, because different jurors may be persuaded by different pieces of evidence, even when they agree upon the bottom line." *Id.* ¶ 7 (internal quotation marks and citation omitted).

**{14}** Based on the foregoing, we conclude that the district court's rejection of Defendant's unanimity instruction as to the course of conduct in Count 2 was not reversible error.

### III.     The Prosecutor's Misstatements During Closing Arguments Did Not Deprive Defendant of a Fair Trial

**{15}** Defendant argues the district court abused its discretion in denying his motion for a mistrial based on two misstatements made by the prosecutor during closing argument. During the State's closing argument, the prosecutor mistakenly referred to Sa.C., Victim's sister, instead of Victim on two occasions but quickly corrected her misstatements.

**{16}** We review a district court's denial of a motion for mistrial based on prosecutorial misconduct under an abuse of discretion standard. *State v. Sosa*, 2009-NMSC-056, ¶ 26, 147 N.M. 351, 223 P.3d 348. "Our ultimate determination of this issue rests on whether the prosecutor's improprieties had such a persuasive and prejudicial effect on

the jury's verdict that the defendant was deprived of a fair trial." *State v. Montgomery*, 2017-NMCA-065, ¶ 11, 403 P.3d 707 (internal quotation marks and citation omitted). "Our Supreme Court has identified three factors to consider when reviewing questionable statements made during closing arguments for reversible error: "(1) whether the statement invades some distinct constitutional protection; (2) whether the statement was isolated and brief, or repeated and pervasive; and (3) whether the statement was invited by the defense." *Id.* ¶ 13 (internal quotation marks and citation omitted). In considering these factors, we evaluate the statements objectively "in the context of the prosecutor's broader argument and the trial as a whole." *Sosa*, 2009-NMSC-056, ¶ 26.

**{17}**     As to the first factor, Defendant fails to identify what distinct constitutional protection the prosecutor's comments implicated. He asserts only that "[t]he comments invaded a distinct constitutional right," his right to a fair trial. However, Defendant cites no authority in support of this assertion, and we assume none exists. *See State v. Vigil-Giron*, 2014-NMCA-069, ¶ 60, 327 P.3d 1129 ("[A]ppellate courts will not consider an issue if no authority is cited in support of the issue and that, given no cited authority, we assume no such authority exists.").

**{18}**     As to the second and third factors, while we recognize that Defendant did not invite the prosecutor's statements, the two comments were isolated. Further, the jury was not privy to Defendant's other case or the underlying allegations that he sexually abused Sa.C. because the district court had excluded that information. To the extent these comments were improper, we cannot say that they rise to the level of depriving Defendant of a fair trial when the prosecutor made only two brief missteps and quickly corrected them. *See Montgomery*, 2017-NMCA-065, ¶ 13 ("Where . . . an improper statement is corrected by counsel . . . reversible error is less likely."); *cf. State v. Brown*, 1997-NMSC-029, ¶ 23, 123 N.M. 413, 941 P.2d 494 ("The general rule is that an isolated comment made during closing argument is not sufficient to warrant reversal."). Therefore, we conclude the district court did not abuse its discretion in denying Defendant's motion for a mistrial.

**CONCLUSION**

**{19}**     For the foregoing reasons, we affirm.

**{20}     IT IS SO ORDERED.**

**BRIANA H. ZAMORA, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**MEGAN P. DUFFY, Judge**