This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-39020**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**JUAN VILLALOBOS-DIAZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Conrad F. Perea, District Judge**

Hector H. Balderas, Attorney General
Benjamin Lammons, Assistant Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Allison H. Jaramillo, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**BACA, Judge.**

**{1}** Following a jury trial, Juan Villalobos-Diaz (Defendant) was convicted of eleven different charges, including (1) one count of criminal sexual penetration of a minor (CSPM) in the first degree (child under thirteen), contrary to NMSA 1978, Section 30-9-11(D)(1) (2009), as charged in Count 1;[1] (2) two counts of CSPM in the second degree (child age thirteen to eighteen), contrary to Section 30-9-11(E)(1), as charged in Counts 3 and 4; (3) five counts of criminal sexual contact of a minor (CSCM) in the second

---

[1]After Count 2 was dismissed on directed verdict, the district court renumbered the counts in the jury instructions. In this opinion, we refer to the original count numbers as charged in the indictment.

degree (child under thirteen), contrary to NMSA 1978, Section 30-9-13(B)(1) (2003), as charged in Counts 5 through 9; (4) two counts of abuse of child, contrary to NMSA 1978, Section 30-6-1(D) (2009), as charged in Counts 10 and 11; and (5) one count of CSCM in the third degree (person in position of authority), contrary to Section 30-9-13(C)(2)(a), as charged in Count 12.

**{2}** The district court sentenced Defendant to 141 years of imprisonment in the Department of Corrections, followed by an indeterminate period of parole from five years to natural life.

**{3}** On appeal, Defendant advances three arguments: (1) his convictions for CSPM in Counts 2 and 3 violate double jeopardy; (2) his right to due process was violated by the exceptionally long charging period; and (3) insufficient evidence exists to support each of his convictions. We address each of these arguments in turn.

**BACKGROUND**

**{4}** Because this is an unpublished, memorandum opinion written solely for the benefit of the parties, *see State v. Gonzales*, 1990-NMCA-040, ¶ 48, 110 N.M. 218, 794 P.2d 361, and the parties are familiar with the factual and procedural background of this case, we omit a background section and leave the discussion of the facts for our analysis of the issues.

**DISCUSSION**

**I.      Defendant's Convictions for Two Counts of CSP Violate Double Jeopardy**

**{5}** Defendant first argues, and the State concedes, that his convictions for CSPM as charged in Counts 3 and 4 violate double jeopardy. While we are not bound by the State's concession, *see State v. Tapia*, 2015-NMCA-048, ¶ 31, 347 P.3d 738, we accept the concession because we conclude that our precedent and the record in this case support it. *See Herron v. State*, 1991-NMSC-012, ¶¶ 6-8, 15, 111 N.M. 357, 805 P.2d 624 (noting that Section 30-9-11 "does not indicate unambiguously whether the [L]egislature intended . . . to create a separate offense for each penetration occurring during a continuous sexual assault," and laying out factors to evaluate the distinctness of the acts). Thus, Defendant's convictions for Counts 3 and 4 violate Defendant's right against double jeopardy and should be remanded to the district court for vacation of one of these convictions. "Where . . . both offenses result in the same degree of felony, the choice of which conviction to vacate lies in the sound discretion of the district court." *State v. Porter*, 2020-NMSC-020, ¶ 42, 476 P.3d 1201 (remanding the case to the district court for its determination of which conviction to vacate).

**II.     Defendant's Conviction for CSCM as Charged in Count 5 Is Insufficient**

**{6}** Next, Defendant argues specifically that there is insufficient evidence to support his conviction for CSCM, child under the age of thirteen, as charged in Count 5 and,

generally, that insufficient evidence supports all his convictions. Defendant's argument that sufficient evidence does not support any of his convictions would require us to reweigh all of the evidence and second-guess the trial strategy of Defendant's attorney in the absence of a developed record on ineffective assistance of counsel. This we will not do. *See State v. Wright*, 2022-NMSC-009, ¶ 20, 503 P.3d 1161 ("The reviewing court does not reweigh evidence on appeal.").

**{7}** Importantly, the State concedes that the evidence supporting Count 5, CSC of a child under thirteen, is insufficient because the victim, M.T., had just turned thirteen. M.T. testified that the incident occurred on her thirteenth birthday, and the State did not ask to amend this charge. Again, while we are not bound by the State's concession, *see Tapia*, 2015-NMCA-048, ¶ 31, we accept the concession here as well because Section 30-9-13(B)(1) requires that the victim be less than thirteen years old at the time of the sexual contact. *See* § 30-9-13(B)(1) ("Criminal sexual contact of a minor in the second degree consists of all criminal sexual contact of the unclothed intimate parts of a minor perpetrated . . . on a child under thirteen years of age."). Thus, because M.T. had just turned thirteen at the alleged time of the incident, Defendant's conviction for CSCM in the second degree (child under thirteen) as charged in Count 5 must be vacated. Otherwise, we affirm the balance of Defendant's convictions as they are supported by sufficient evidence.

### III.     The Charging Period Did Not Violate Due Process

**{8}** Finally, Defendant argues that his right to due process was violated by the exceptionally long charging periods (the time period in which Defendant is alleged to have committed the act) and that the district court erred by denying his motion for a bill of particulars. Defendant argues that Counts 1, 3, and 4 were deficient because the two-year charging period was too broad. Likewise, Defendant alleges that Counts 6-8 and Count 11 were deficient because the one-year charging period was too broad.

**{9}** The State responds that narrowing the charging period would not have made most defenses, including an alibi defense, viable or plausible and that Defendant's due process rights were not violated. However, the State conceded below that Counts 1, 3, and 4 should have been narrowed from two-year periods to a one-year period, but based on the jury instructions given, those time periods were not narrowed. We review the remaining charges that Defendant argues violated his right to due process, namely Counts 1, 3-4, 6-8, and 12, as charged in the indictment.

**{10}** In resolving this issue, we are called upon to balance protecting Defendant's right to due process of law against the need for society to prosecute those who commit crimes against children. On the one hand, due process requires the state to "provide reasonable notice of charges against a person and a fair opportunity to defend; rights which may not be ignored or trivialized." *State v. Baldonado*, 1998-NMCA-040, ¶ 21, 124 N.M. 745, 955 P.2d 214 (internal quotation marks and citation omitted). "This includes a requirement that the [s]tate provide defendants with a reasonable ability to protect themselves from being convicted more than once for the same behavior." *State*

*v. Huerta-Castro*, 2017-NMCA-026, ¶ 14, 390 P.3d 185; *see State v. Dominguez*, 2008-NMCA-029, ¶ 5, 143 N.M. 549, 178 P.3d 834. On the other hand, "young children cannot be held to an adult's ability to comprehend and recall dates and other specifics. The predictable limitations of young witnesses should not be turned into a reason to prevent prosecution of their abusers." *Baldonado*, 1998-NMCA-040, ¶ 20 (alteration, internal quotation marks, and citation omitted).

**{11}** We recognize that because the State has a compelling interest in protecting child victims, our courts can be "less vigorous in requiring specificity as to time and place when young children are involved than would usually be the case where an adult is involved." *State v. Vargas*, 2016-NMCA-038, ¶ 40, 368 P.3d 1232 (internal quotation marks and citation omitted). "This flexibility does not, however, permit the [s]tate to proceed based on a lack of adequate notice of the conduct upon which an indictment is based." *Huerta-Castro*, 2017-NMCA-026, ¶ 13.

**{12}** "The object of a bill of particulars in criminal cases is to enable the defendant to properly prepare his defense, and, to achieve that fundamental purpose, it must state as much as may be necessary to give the defendant and the court reasonable information as to the nature and character of the crime charged." *Id.* (internal quotation marks and citation omitted). To satisfy due process, "the [s]tate is able to proceed with prosecution only for those acts for which it is able to provide a factually distinct basis." *Id.* ¶ 14. We note here that the indictment in this case is not a "cookie-cutter" indictment where there are multiple undifferentiated charges. *See id.* Instead, Defendant argues that the charged time periods were excessively long. Consequently, we must review the time period for each charge utilizing the factors listed in *Baldonado*, which we discuss below. *See* 1998-NMCA-040, ¶ 27.

**{13}** Under *Baldonado*, we review, on a case-by-case basis, "whether an indictment is reasonably particular with respect to the time of the offense . . . by applying a multi-factor test designed to parse out the actual situation faced by the [s]tate in investigating and constructing its case." *Id.* ¶ 26. "The test reviews the reasonableness of the [s]tate's efforts at narrowing the time of the indictment and measures the potential prejudice to the defendant of the time frame chosen by the [s]tate." *Id.* "No one factor is determinative. Rather, each can be expected to play a different role depending on the facts of each case." *Id.* The *Baldonado* factors include:

> 1. The age and intelligence of the victim and other witnesses, and their ability to particularize the date and time of the alleged offense;
>
> 2. The surrounding circumstances; including whether a continuing course of conduct is alleged, as opposed to a relatively few, discrete or isolated events;
>
> 3. The extent to which [the] defendant had frequent, unsupervised access to the victim;

4. The nature of the offense, including whether it is likely to occur at a specific time or is likely to have been discovered immediately;

5. The length of the alleged period of time in relation to the number of individual criminal acts alleged;

6. The length of time asserted in the indictment;

7. The passage of time between the period alleged for the crime and the time the abuse was asserted and/or the time [the] defendant was arrested and/or indicted;

8. The extent and thoroughness of the [s]tate's efforts to narrow the time frame; and

9. Whether the defendant can assert a plausible alibi defense.

*Id.* ¶ 27.

**{14}** Defendant argues here, as he did in the district court, that the indictment was flawed because the charging periods were so broad that it denied him due process and because it did not provide allegations of specific offenses. The State's response below, in addition to attaching an amended criminal complaint and statement of facts, discussed each count of the indictment and provided additional details such as the age of the victim at the time of the incident, the specific act that Defendant committed, how it was committed, and the place where M.T. lived at the time that the act was committed. As well, the response addressed each of the *Baldonado* factors, detailing how the facts of this case applied to each of those factors. In so doing, the State informed the district court, not only of the factors, but as to how these factors should be considered when it made its decision on the motion. The district court found, after reviewing Defendant's motion and the State's response, that the State made reasonable efforts to clarify the indictment and "the State's response has already provided some clarification" and denied Defendant's motion.

**{15}** Defendant also argues that fixing an insufficient indictment after the fact still violates due process. We disagree. The district court is required to "be diligent in protecting due process rights of defendants in cases where the indictment is not specific as to the dates of charged crimes." *State v. Ervin*, 2002-NMCA-012, ¶ 7, 131 N.M. 640, 41 P.3d 908. To the extent Defendant argues that the district court failed to make the necessary inquiry, we believe that the district court considered the clarification by the State of the details of the charges as well as the *Baldonado* factors in deciding to deny the motion and did not merely rely on future discovery, contrary to *Huerta-Castro*, 2017-NMCA-026, ¶ 21. *See State v. Hernandez*, 1986-NMCA-040, ¶ 14, 104 N.M. 268, 720 P.2d 303 (holding that affidavits attached to the criminal complaint were sufficient to provide the defendant "with factual information concerning the charges against him" and "[n]o further statement of facts was necessary to put [the] defendant on notice").

**{16}** In this case, the State chose to charge Defendant utilizing one- and two-year charging periods because of the particular challenges it faced in determining the specific dates of the offenses, namely, the tender age of the child victims at the time that these acts were being inflicted upon them, his broad access to them, and the number of acts spread over years as opposed to the acts being isolated and distinct. Counts 1, 3, and 4 use a two-year charging period; Counts 6-8 use a one-year charging period; and Count 12 uses a one-week charging period.

**{17}** After a thorough and careful review of the record, we conclude that none of the *Baldonado* factors weigh in Defendant's favor; thus, Defendant did not suffer a due process violation. *See* 1998-NMCA-040, ¶ 27. In reaching this conclusion, we take note of a number of salient facts, which we view as critical to our analysis of this issue.

**{18}** Amongst the numerous facts we considered in reaching our conclusion, the following are representative of those which lead us to the inescapable conclusion that the *Baldonado* factors weighed heavily in favor of the State and that Defendant suffered no due process violation in this case as a result of the charging periods set forth in the indictment. Those facts include that A.H. was nine years old when she first remembers Defendant assaulting her; M.T. was ten. *See id.* (considering the age of the victim). Because they were afraid of Defendant or that Defendant would hurt their younger brother, the victims did not disclose the abuse until years later, when A.H. was twenty and M.T. was fourteen. *See id.* (considering the passage of time). Defendant lived in the home with A.H. and M.T. and had frequent, unsupervised access to them during the charging periods in the indictment. *See id.* (considering the surrounding circumstances). A.H. and M.T. could not always recall the time of the day these incidents occurred, but they were able to recall that some of these incidents initially occurred while their mother was at work or school, before she became ill, and that thereafter, the incidents occurred at all times of the day while they were watching television, washing dishes, and at night in the children's bed when the children had been sleeping. The State additionally attached the investigating detective's affidavits to the response to Defendant's motion and provided additional details relating to the four specific incidents described by A.H. and the two specific incidents M.T. reported. *See id.* (considering the extent and thoroughness of the state's efforts to narrow the time frame).

**{19}** Defendant has further failed to demonstrate actual and specific prejudice arising from the charged time periods. *See Ervin*, 2002-NMCA-012, ¶ 17 (stating that "[i]f [the d]efendant will be prejudiced by the indictment's broad time frame, the charges must be dismissed, even when the [s]tate has done all it could to narrow the time frame"). Defendant generally indicates that the charging periods were too long, it was "nearly impossible to adequately investigate possible defenses or assert an alibi defense," and he "worked construction during much of this time period." These general assertions fail to demonstrate actual prejudice, "not based on pure conjecture," or that "the defense los[t] its only means of proving its case." *Id.*; *see id.* (stating that "[o]n the other hand, without prejudice, there is no reversible error").

**{20}** Thus, because a factually distinct basis exists for all the charges in the indictment and the *Baldonado* factors weigh in the State's favor, we conclude that Defendant did not suffer a due process deprivation because of the charging periods for each conviction. *See Dominguez*, 2008-NMCA-029, ¶¶ 10-11; *Baldonado*, 1998-NMCA-040, ¶ 27.

## CONCLUSION

**{21}** For the reasons set forth above, we reverse the conviction for CSCM in the second degree (child under thirteen), as charged in Count 5 and remand Counts 3 and 4 to the district court to vacate, in its discretion, the conviction of either Counts 3 or 4. Otherwise, we affirm.

**{22}   IT IS SO ORDERED.**

**GERALD E. BACA, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Chief Judge**

**KATHERINE A. WRAY, Judge**