908 P.2d 264

**STATE of New Mexico, Plaintiff–Appellee,**

v.

**Javier GURROLA, Defendant–Appellant.**

**No. 16183.**

Court of Appeals of New Mexico.

Oct. 31, 1995.

Tom Udall, Attorney General, Margaret McLean, Assistant Attorney General, Santa Fe, for Plaintiff–Appellee.

Sammy J. Quintana, Chief Public Defender, Darryl A. Bouchard, Assistant Appellate Defender, Santa Fe, for Defendant–Appellant.

## OPINION

BLACK, Judge.

The opinion previously filed in this matter is withdrawn and the following substituted therefor:

Defendant's legal problems began with his failure to pay child support. The district court found Defendant in contempt and ordered him to spend thirty days in jail unless he purged himself of the contempt by paying child support. On October 30, 1992, an attorney from the New Mexico Child Support Enforcement Division alleged that Defendant had failed to purge himself of contempt and filed a motion to have the sentence executed. On November 3, 1992, the district judge directed the court clerk to issue a bench warrant for Defendant's arrest. The warrant was issued but not signed by a judge.

On March 25, 1993, Roswell police officers encountered Defendant talking to a friend in a car parked near the scene of a potential break-in. The officers asked Defendant for identification and permission to search his trunk. Defendant provided both. The officers also called in a wants and warrants check on Defendant. When the results of the wants and warrants check came in, the outstanding bench warrant was reported. The officers arrested Defendant on the outstanding warrant. During the two searches of Defendant's car that followed his arrest, three bags of marijuana were found.

Defendant appeals from the district court's denial of his motion to suppress the evidence found by the police. Defendant argues that the police lacked probable cause to seize and detain him for forty-five minutes while they ran the wants and warrants check. He also argues that the arrest warrant was invalid and the evidence was therefore the fruit of an illegal arrest. Because we agree with Defendant's second contention, we reverse and do not address his first argument.

## I. FACTS

On March 25, 1993, the Roswell Police Department received an alarm call from the local Computerland store. Officer Darren Treadwell responded along with other officers. Officer Treadwell noted that there was a broken window that was large enough for someone to gain access into the store. He proceeded to the area of a tavern, which was approximately one block from Computerland. In an attempt to gain information, Officer Treadwell spoke with three to five people at the tavern about an apparent burglary at Computerland. Approximately twenty minutes after the alarm call, Officer Carroll Durbin notified Officer Treadwell that two individuals were sitting in a Volkswagen in the parking lot of the tavern. Officers Treadwell and Durbin proceeded to approach the Volkswagen. The officers then approached Defendant and his friend, asked for identification, and asked if either of them had seen or heard anything concerning a possible break-in at Computerland. Both Defendant and his friend indicated that they had no information about any break-in or burglary. After obtaining identification from Defendant, Officer Treadwell called the Roswell police dispatcher to request a license check. Either before

or after requesting the license check, but before receiving information on any outstanding wants and warrants on Defendant, Officer Treadwell was granted permission to search Defendant's trunk. No Computerland property was found in Defendant's vehicle. The dispatcher's log indicated that the dispatcher located and reported the outstanding warrant about forty-five minutes after Officer Treadwell had initially approached Defendant. On the basis of the outstanding bench warrant, Defendant was arrested. During a search incident to the arrest, Officer Durbin found a bag of marijuana. An additional white plastic bag containing two bags of marijuana was found under the back seat during an inventory search prior to impounding Defendant's vehicle. The bench warrant upon which Defendant was arrested was based on a motion filed by an attorney for the New Mexico Child Support Enforcement Division. The motion alleged that Defendant had failed to comply with a previous order of the district court requiring Defendant to serve thirty days in jail unless he purged himself of contempt by paying arrearages and ongoing child support. No verified facts were alleged and no affidavit is contained in the record. Based on this motion, the district judge ordered, but never signed, the arrest warrant.

## II. STANDARD OF REVIEW

The validity of a seizure raises mixed questions of law and fact. *See State v. Reynolds*, 119 N.M. 383, 384, 890 P.2d 1315, 1316 (1995). The substantial evidence standard is used for review of the facts but the trial court's application of the law to those facts is reviewed de novo. *Id.*

## III. AN UNSIGNED WARRANT IS INVALID

There is no dispute that the arrest warrant was not signed by the judge although there is a blank line for his signature. There is a signature of a deputy clerk beneath the blank space designated for judicial signature. The New Mexico Supreme Court rule regulating arrest warrants, SCRA 1986, 5–208(B) (Repl. 1992), provides:

B. **Form for warrant.** *The warrant shall be signed by the court* and shall contain the name of the defendant or, if his name is unknown, any name or description by which he can be identified with reasonable certainty. It shall describe the offense charged. It shall command that the defendant be arrested and brought before the court.

(Second emphasis added.)

As the Committee commentary to the rule indicates, this portion of the New Mexico rule was derived from Federal Rule of Criminal Procedure 4(c). Under the federal rule, a warrant must contain the signature of the magistrate judge. *See* 8 *Federal Procedure* § 22:479, at 721 (Thomas R. Trenkner et al. eds., L. ed. 1992); *see also* 1 Charles A. Wright, *Federal Practice and Procedure* § 54, at 55 (2d ed. 1982) (warrant "must be signed by the magistrate"). Thus, the warrant is legally issued at the time it is signed by the proper judicial authority. *United States v. Schack*, 165 F.Supp. 371, 374 (S.D.N.Y.1958).

Other jurisdictions have also interpreted such directive language as mandatory and have voided arrests based on warrants not properly executed. *See, e.g., Dujay v. State*, 368 S.W.2d 613, 614 (Tex.Crim.App.1963). In invalidating an arrest under a rule that stated the "warrant shall be signed by the judicial authority," the Supreme Court of Connecticut said:

The language of [Practice Book] § 594 is very clear; it mandates that the warrant shall be signed by the judicial authority.

This court agrees with the trial court's conclusion that § 594 is designed to provide protection of an individual's liberty and security interest as supported by logic and precedent. The presence of the judge's signature lends an authenticity to the warrant which is self-evident due to its presence. An assurance of accuracy and deliberation attaches to a document bearing the official's or judge's signature, and not the least important it involves a document which ultimately reaches the individual's fundamental constitutional right.

*State v. Cook*, 183 Conn. 520, 441 A.2d 41, 42–43 (1981) (per curiam).

In the present appeal, while the State agrees that the signature requirement of SCRA 5–208(B) seems to be mandatory, the State also argues that the lack of a judicial signature is merely "technical." Although the legal impact of this distinction is not immediately obvious, if the State is arguing that because the signature requirement is "technical" it may be disregarded, then we must disagree. Like the Connecticut Supreme Court, we think the signature requirement is "[a]n assurance of accuracy and deliberation [that] attaches to a document ... which ultimately reaches the individual's fundamental constitutional right." *Cook,* 441 A.2d at 43. An unsigned warrant therefore does not comply with SCRA 5–208(B) and provides an invalid basis for an arrest.

## IV. THE EVIDENCE MUST BE SUPPRESSED

The unsigned bench warrant was invalid. Defendant's arrest was thus invalid. Therefore, we must determine the legal consequences of that invalid arrest. In *United States v. Leon,* 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), the United States Supreme Court held that if a police officer's reliance on a search warrant later found to be invalid is objectively reasonable, evidence seized at the time of arrest need not be excluded. *Id.* at 922, 104 S.Ct. at 3420. The New Mexico Supreme Court has, however, expressly rejected *Leon* and held the New Mexico Constitution does not allow good faith reliance on an invalid search warrant. *State v. Gutierrez,* 116 N.M. 431, 447, 863 P.2d 1052, 1068 (1993). Thus, under our Constitution, evidence seized pursuant to an illegal warrant must still be suppressed. *Id.* This Court, of course, follows our Supreme Court's interpretation of New Mexico law. *See State v. Wilson,* 116 N.M. 793, 796, 867 P.2d 1175, 1178 (1994). Under New Mexico law, the marijuana seized at the time of Defendant's arrest cannot be used as evidence.

## V. CONCLUSION

The bench warrant upon which Defendant was arrested was not properly signed and was issued without the due process of law. The warrant was therefore invalid. Under the New Mexico Constitution, evidence must be suppressed when seized pursuant to an arrest based upon an invalid warrant.

The district court is reversed.

**IT IS SO ORDERED.**

APODACA, C.J., and FLORES, J., concur.