1997-NMCA-060

943 P.2d 541

STATE of New Mexico, Plaintiff–Appellant,

v.

Jody MILLER, Defendant–Appellee.

No. 17129.

Court of Appeals of New Mexico.

May 19, 1997.

Certiorari Denied June 25, 1997.

508

Tom Udall, Attorney General, Arthur W. Pepin, Ass't Attorney General, Santa Fe, for Appellant.

William C. Birdsall, William C. Birdsall, P.C., Farmington, for Appellee.

## OPINION

APODACA, Judge.

1. The State appeals the trial court's order suppressing certain evidence seized from Defendant after his arrest for domestic abuse. The trial court held that Defendant's arrest was not authorized under the Family Violence Protection Act (Act), NMSA 1978, §§ 40–13–1 to –8 (Repl.Pamp.1994). As a result, the court ruled, the evidence seized was not incident to a lawful arrest. The trial court also held that there were no other circumstances allowing a search without a warrant. On appeal, the State argues that the arrest was legal, or in the alternative, that there were other grounds allowing a search without a warrant. Unpersuaded by the State's arguments, we affirm.

## I. FACTS

2. On the day in question, Defendant's girlfriend called 911 and reported that Defendant had been involved in an incident of domestic abuse against her at his home and then later at her home. When the police responded and confirmed the girlfriend's injuries, she told them where she believed Defendant could be found, described Defendant's truck, and stated that Defendant was in possession of cocaine and $17,000 to $18,000 in cash. The police went to the residence where Defendant was believed to be located, saw the described truck, and knocked on the door of the residence. They were admitted by Connie Olson, the owner of the residence. After identifying Defendant, the police arrested him for domestic abuse under the Act and searched Defendant's person, finding a wallet, $700 in cash, and a beeper. The police then requested Olson's permission to search her premises, and she consented. Without receiving any affirmation or denial from either Defendant or Olson concerning ownership of a gym bag lying on the floor, the police opened the bag and found the cocaine and the money Defendant's girlfriend had mentioned to them.

## II. DISCUSSION

### A. Standard Of Review

3. On appeal, the appropriate standard of review is "whether the law was correctly applied to the facts, viewing them in a manner most favorable to the prevailing party; all reasonable inferences in support of the court's decision will be indulged in, and all inferences or evidence to the contrary will be disregarded." *State v. Boeglin*, 100 N.M. 127, 132, 666 P.2d 1274, 1279 (Ct.App.1983).

### B. Search Incident To Arrest

4. The State first argues that Defendant's arrest was lawful under the Act. The Act requires any local law enforcement officer responding to a request for assistance "to take whatever steps are reasonably necessary to protect the victim from further domestic abuse, including" the arrest of the abuser. Section 40–13–7(B). The State contends that the plain language of the Act

requires the police to arrest an abuser, even when the abuse has not occurred in the presence of the officer. To do otherwise, the State argues, would be to defeat the purpose of the Act in preventing abusers from committing acts of domestic violence, fleeing when law enforcement officers arrive, and returning to abuse again when the officers depart.

5. We agree with the State that this is an important purpose of the Act. Nonetheless, the authority of law enforcement officers to arrest an alleged abuser under the Act is contingent on such action being "reasonably necessary to protect the victim from further domestic abuse." Section 40–13–7(B). The trial court held that there was no threat of further harm to Defendant's girlfriend and that the arrest of Defendant was a mere pretext to search for drugs. There was ample evidence in the record to support those holdings. Indeed, the testimony of the State's own witness, in response to the trial court's question, confirmed that "but for" the drugs and money, the police officer would not have sought Defendant. From this, the trial court could have inferred that the arrest would not have been made and that the police did not believe that Defendant's girlfriend was under a particular threat of harm. Although the subjective state of mind of the officers does not determine the legality of their arrest, *see State v. Martinez*, 123 N.M. 405, 409, 940 P.2d 1200, 1204 (App.1997), we conclude under the previously noted standard of review that the trial court properly held that the objective facts did not establish that the arrest was "reasonably necessary to protect the victim from further domestic abuse," and the arrest was therefore not authorized under the Act. Consequently, the evidence seized could not be admitted under this exception to the search warrant requirement.

## C. Other Exceptions

■ 6. The State next argues that the contents of Defendant's gym bag would have been discovered inevitably when inventoried after his arrest. We have already concluded that the trial court did not err in determining that the arrest was illegal. Because there was no valid arrest, there would not have been an inventory search during which the items would have been inevitably discovered. *See State v. Shaw*, 115 N.M. 174, 176, 848 P.2d 1101, 1103 (Ct.App.1993).

■ 7. The State also contends that (1) Defendant abandoned the bag by remaining silent when the police opened the bag, (2) Olson's consent to search her premises authorized a search of the bag, and (3) Defendant had no standing to challenge the search made pursuant to Olson's consent. In a recent case, *State v. Gomez*, 122 N.M. 777, 779, 932 P.2d 1, 3 (1997), the Supreme Court provided a detailed analysis of what is required to fairly invoke a ruling of the trial court, thus preserving an issue for appellate review. After an exhaustive discussion, *Gomez* concluded that NMRA 1997, 12–216 requires only that an assertion of the legal principle and development of the facts be made below to assert a claim on appeal. *See Gomez*, 122 N.M. at 786–87, 932 P.2d at 9–10.

8. We agree with the State that it "elicited facts" supporting its theories. We have not uncovered anything in the record, however, nor has the State pointed us to any, showing that the State presented any of these legal principles or arguments to the trial court. At the suppression hearing, the trial court asked if the State desired to make a closing argument. None was made. The trial court invited the submission of requested findings of fact and conclusions of law. No findings or conclusions were submitted by the State that were contrary to the findings announced by the trial court at the suppression hearing. Instead, the State's requested findings and conclusions inexplicably proposed that Defendant had standing and that the search of the bag was illegal even with Olson's consent, as determined by the trial court at the hearing. In summary, there is nothing in the record showing that the State asserted the legal principles or argument necessary to fairly invoke a ruling of the trial court on the issues it now argues on appeal. *Gomez*, 122 N.M. at 786–87, 932 P.2d at 9–10. We therefore conclude that the issues of standing, abandonment, and

**510**

consent were not preserved for appellate review.

### III. CONCLUSION

9. We conclude the trial court correctly held that Defendant's arrest was not authorized under the Act. Consequently, the trial court properly concluded that the search was not incident to a valid arrest. As a result, the seized items would not have been inevitably discovered during an inventory search. We also conclude that the State failed to preserve the other issues for appeal. We therefore affirm.

10. **IT IS SO ORDERED.**

PICKARD and WECHSLER, JJ., concur.