This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-35592**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellant,

v.

**ROSS SANDERS,**

      Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF LINCOLN COUNTY**
**Daniel A. Bryant, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Walter Hart, Assistant Attorney General
Albuquerque, NM

for Appellant

Bennett J. Baur, Chief Public Defender
Kimberly Chavez-Cook, Assistant Appellate Defender
Santa Fe, NM

for Appellee

## MEMORANDUM OPINION

**VARGAS, Judge.**

**{1}** The State seeks reversal of the district court's decision to suppress evidence obtained through an inventory search of Defendant's car after Defendant was arrested pursuant to a bench warrant. The district court agreed with Defendant's argument that the bench warrant was invalid, rendering the search unreasonable. On appeal, the State makes several arguments that were not raised before the district court and reiterates the argument made to the district court that the exclusionary rule is not triggered by the

court's failure to give a defendant proper notice of a hearing. We conclude that the State has failed to demonstrate reversible error. We affirm.

**BACKGROUND**

**{2}**     This case involves three separate cases from Lincoln County—one in municipal court, one in magistrate court, and this appeal from district court. This being a memorandum opinion, we limit our recitation of the facts to only those necessary to our decision in this case.

**{3}**     The Ruidoso Downs Police Department arrested and booked Defendant on April 1, 2015, on two outstanding warrants: a Ruidoso municipal court warrant (Ruidoso warrant), as well as a Lincoln County magistrate court warrant (Lincoln County warrant). On April 3, 2015, the Ruidoso municipal court entered a release order (release order) related to the Ruidoso warrant releasing Defendant on his own recognizance with the stipulation that Defendant appear in court on April 6, 2015. Defendant did not appear on that date. While the release order contains a section for Defendant's approval of his conditions of release, the order does not contain Defendant's signature. Because Defendant had not yet paid the bond on the Lincoln County warrant, however, he was still in custody throughout this time. On May 1, 2015, the Lincoln County magistrate court issued a receipt acknowledging that on that date, Defendant apparently paid the bond amount required on the charges that gave rise to the Lincoln County warrant. The Lincoln County magistrate court issued a receipt for the bond and Defendant was released from jail, approximately three weeks after he was supposed to appear in Ruidoso municipal court on April 6.

**{4}**     On May 6, 2015, the Ruidoso municipal court issued a bench warrant for Defendant's arrest, checking the box for "failure to appear at the time and place ordered" as the reason for issuing the warrant. This bench warrant was filed under the same case number as the Ruidoso municipal court's April 3, 2015 release order and apparently issued as a result of Defendant's failure to appear at the April 6, 2015 hearing while he was still in custody.

**{5}**     A week later, on May 13, 2015, a deputy with the Lincoln County sheriff's office conducted a traffic stop on a vehicle that Defendant was driving. The deputy identified Defendant, discovered that there was an active bench warrant for Defendant's arrest, and arrested Defendant pursuant to that bench warrant.[1] Following Defendant's arrest, the deputy conducted an inventory of the vehicle and discovered several syringes and a substance that later field-tested positive as methamphetamine. Defendant was charged in district court with trafficking a controlled substance and possession of drug paraphernalia.

**{6}**     Defendant filed a motion seeking to suppress the evidence obtained following the execution of the bench warrant, arguing that the bench warrant was "invalid and

---

1 The State conceded that had it not been for the bench warrant, the deputy would not have arrested Defendant.

unreasonable on its face." Specifically, Defendant argued that the Ruidoso municipal court that issued the bench warrant failed to give him proper notice of the April 6, 2015 hearing, that the warrant was issued because Defendant failed to appear at that hearing, and that given the lack of notice, the warrant was invalid and could not provide a basis for his arrest and the resulting inventory search. Defendant's motion to suppress contained four exhibits: (1) a booking sheet dated April 1, 2015, stating that Defendant was arrested on the Ruidoso warrant and the Lincoln County warrant; (2) the release order referencing a hearing to be held three days later on April 6, 2015; (3) the Lincoln County magistrate court receipt acknowledging payment of the bond amount for the charge associated with the Lincoln County warrant; and (4) the Ruidoso municipal court bench warrant dated May 6, 2015, listing failure to appear twice among the offenses for which the warrant was being issued.

**{7}** During the hearing on Defendant's motion to suppress, both parties declined to present any additional evidence, relying primarily on the exhibits to Defendant's motion. At the hearing, the State conceded that Defendant was incarcerated on April 6, the time of the scheduled hearing in Ruidoso municipal court, and the detention center never received notice to transport the Defendant to the April 6 hearing. Accordingly, the detention center "did not transport Defendant over for that April 6th hearing in which the bench warrant was issued." While conceding that "there is an issue with the notice," the State nonetheless argued that the warrant remained valid because "Defendant did in fact fail to appear for the April 6th hearing."

**{8}** At the close of the hearing, the district court found that the release order issued by the clerk of the Ruidoso municipal court clearly reflected an order that Defendant appear in court on April 6, 2015; however, the order did not reflect that Defendant was present in court when the release order was issued and he did not acknowledge receipt of the release order by signing it. Based on the documents attached to Defendant's motion and the concessions made by the State, the district court found that Defendant did not have notice of the April 6, 2015 hearing; and, even if he had had notice, he was in the State's custody without a transport order, preventing him from attending the hearing.

**{9}** The district court concluded that the bench warrant issued by the municipal court was "an invalid bench warrant because it was predicated on improper notice." The district court granted Defendant's motion, suppressed the evidence, and dismissed the case against Defendant without prejudice. The State appealed.

**DISCUSSION**

**{10}** The State makes five arguments on appeal: (1) that Defendant failed to prove that it was Defendant's failure to appear at the April 6, 2015 hearing that resulted in the bench warrant leading to Defendant's May 13, 2015 arrest; (2) that the district court erred by concluding that the Ruidoso municipal court abused its discretion when it issued a bench warrant for Defendant's arrest; (3) that the bench warrant was issued in order to "re-arrest" Defendant after his "unauthorized release" on May 1, 2015,

rendering notice of the April 6, 2015 hearing irrelevant; (4) that the district court erred in concluding the bench warrant was invalid because Defendant failed to present evidence that the bench warrant was not issued to address other failures to appear or to call Defendant before the court to answer the charges against him; and, (5) that a court's failure to provide notice is a matter of due process, and not one that invokes the exclusionary rule under the Fourth Amendment or Article II, Section 10 of the New Mexico Constitution.[2] We begin by discussing the State's burden of proof as it existed in the district court. We then consider whether the State properly preserved its appellate arguments and address any remaining issues according to the narrow scope of our appellate review.

## A. Burden of Proof

**{11}** Pervasive throughout the State's argument is its claim that Defendant failed to meet his burden of proof by providing evidence of the circumstances surrounding the Ruidoso municipal court's release order, his failure to appear at the April 6, 2015 hearing, and the issuance of the bench warrant. These factual inadequacies, the State argues, render the district court's decision reversible. However, because this case centers on the suppression of the fruits of a warrantless inventory search resulting from the execution of an arrest warrant, it was the State's burden to justify its search. In matters challenging an illegal search, defendants generally have the burden of raising "an issue as to their illegal search and seizure claims[,]" but once they do so, "the burden shifts to the state to justify the warrantless search." *State v. Baldonado*, 1992-NMCA-140, ¶ 19, 115 N.M. 106, 847 P.2d 751; *see State v. Leyva*, 2011-NMSC-009, ¶ 30, 149 N.M. 435, 250 P.3d 861 (stating that the burden of proving the reasonableness of a search or seizure is on the state). Here, Defendant challenged the legality of the search when he filed his motion to suppress, arguing that the warrantless inventory search was unconstitutional because the arrest warrant that initiated the search was invalid. *See State v. Miller*, 1997-NMCA-060, ¶ 6, 123 N.M. 507, 943 P.2d 541 ("Because there was no valid arrest, there would not have been an inventory search during which the items would have been inevitably discovered."); *see also State v. Lujan*, 2008-NMCA-003, ¶ 9, 143 N.M. 233, 175 P.3d 327 (acknowledging the application of exclusionary rule "where the challenged evidence was obtained after an illegal arrest or detention" (internal quotation marks and citation omitted)). The burden then shifted to the State to justify the warrantless inventory search, *Baldonado*, 1992-NMCA-140, ¶ 9, by showing the bench warrant and the resulting arrest were valid, rendering the search reasonable. *See State v. Davis*, 2018-NMSC-001, ¶ 12, 408 P.3d 576 (acknowledging that an inventory search is valid if, among other things, the police have control or custody of the object of the search and the search is reasonable); *State v. Byrom,* 2018-NMCA-016, ¶ 14, 412 P.3d 1109 (listing cases in which arrest of the defendant preceded inventory search and enabled police custody of items, including vehicles).

---

2 The State does not challenge the applicability of Article II, Section 10 of the New Mexico Constitution to the matters argued in this case or contend that Defendant failed to present his motion under both the state and federal constitutions.

**B.     The State Failed to Preserve All But One of Its Arguments**

**{12}**    In its response to Defendant's motion to suppress, the State argued only that it would be unreasonable to require law enforcement to inquire into the propriety of an arrest warrant before executing upon it. In argument before the district court, the State argued only that notwithstanding that there was "an issue with the notice," the warrant was valid "due to the fact that . . . Defendant did fail to appear at the April 6th hearing." On appeal, however, the State raises several new arguments that were not raised before the district court.

**{13}**    First, the State argues that Defendant failed to prove that the bench warrant was issued for Defendant's failure to appear at the April 6, 2015 hearing. Specifically, the State contends that because the bench warrant lists failure to appear twice as an underlying offense, the bench warrant could have been issued for Defendant's failure to appear at a hearing other than the April 6, 2015 hearing, for which he could have had proper notice. [3] The State also argues that the bench warrant could have been issued simply to secure Defendant's appearance for the traffic violations that were listed as underlying offenses in the warrant. The State neither included this argument in its response to Defendant's motion to suppress, nor presented this theory to the district court during its argument at the suppression hearing.

**{14}**    Appellate courts generally do not consider on appeal arguments that are not raised before the district court. *See State v. Lucero*, 1999-NMCA-102, ¶ 43, 127 N.M. 672, 986 P.2d 468 (declining to review unpreserved argument and citing to a collection of cases requiring preservation for appellate review). "To preserve an issue for [appellate review], it must appear that a ruling or decision by the [district] court was fairly invoked." Rule 12-321 NMRA; *see Lasen, Inc. v. Tadjikov*, 2020-NMCA-006, ¶ 5, 456 P.3d 1090 ("To preserve an issue for review on appeal, it must appear that the appellant fairly invoked a ruling of the district court *on the same grounds argued in the appellate court*." (emphasis added) (alterations, internal quotation marks, and citation omitted)). "Absent a showing of jurisdictional error a reviewing court will not reverse a [district] court on a ground that the [district] court was not asked to consider nor had the opportunity to rule upon." *State v. Casteneda*, 1982-NMCA-046, ¶ 43, 97 N.M. 670, 642 P.2d 1129. "The primary purposes for the preservation rule are: (1) to specifically alert the district court to a claim of error so that any mistake can be corrected at that time, (2) to allow the opposing party a fair opportunity to respond to the claim of error and to show why the district court should rule against that claim, and (3) to create a record sufficient to allow this Court to make an informed decision regarding the contested issue." *State v. Allen*, 2014-NMCA-047, ¶ 9, 323 P.3d 925 (internal quotation marks and citation omitted).

**{15}**    The State's failure to alert the district court to the possibility that the bench warrant could have been issued for a reason other than Defendant's failure to appear prevented the district court from seeking clarification from the parties regarding the language of the bench warrant or passing upon that question at all. Defendant was

---

3 Nothing in the record establishes that any other hearings ever occurred in the municipal court case.

never given a fair opportunity to respond to the State's newly-made argument regarding ambiguity in the warrant or to clarify the matter by providing additional evidence. This Court is therefore left to review a record that was not created to address the question the State now presents on appeal. Because the State did not raise and the district court did not rule on the question of whether the bench warrant was issued for Defendant's failure to appear at a hearing other than the April 6, 2015 hearing, that matter is not before us on appeal.

{16}   Next, the State argues that the May 13, 2015 bench warrant was issued in order to "re-arrest" Defendant after his "unauthorized release" on May 1, 2015. Again, the State did not present this theory to the district court in its response to Defendant's motion to suppress or in its argument to the district court. The district court was never given an opportunity to consider the State's argument and, consequently, we do not have a record sufficient to allow us to make an informed decision on the matter. The State's argument is therefore unpreserved, and we cannot properly consider it on appeal.

{17}   The State also argues that the district court erred by concluding that the three days between the order issued on April 3, 2015, and the hearing on April 6, 2015, was an inadequate amount of time to allow for proper notice. The State argues that this matter was preserved because it presented argument to the district court regarding the validity of the warrant.

{18}   Because the purposes for preservation—to alert the court and opposing party to the nature of the argument, allow for opportunity for a response, and create an adequate record for appellate review—require some specificity in the arguments made to the district court, we conclude that the State failed to preserve this argument. *See Lasen, Inc.*, 2020-NMCA-006, ¶ 5 (ruling that appellant must fairly invoke a ruling of the district court on the same grounds argued on appeal); *Allen*, 2014-NMCA-047, ¶ 9 (identifying one purpose of preservation rule as "to *specifically* alert the district court to a claim of error" (emphasis added)). The State's argument related to the validity of the warrant was limited to the claim that the warrant was signed and appeared facially valid, not that the warrant was valid because notice of the April 6, 2015 hearing was adequate. In fact, the State effectively conceded that notice was inadequate at the hearing before the district court, acknowledging, "there is an issue with the notice. The facts are what they are; the State can't argue against those facts, judge." The State took the position that despite the inadequacy of the notice, the exclusionary rule should not apply. We cannot conclude that the State's argument that notice was proper was preserved when it conceded before the district court that "there is an issue with the notice."

{19}   Finally, while we acknowledge that the arguments of counsel are not evidence, *State v. Martinez*, 2015-NMCA-013, ¶ 24, 343 P.3d 194, neither can a party's factual representations to the  district court be disavowed on appeal in favor of what counsel deems a better argument. *Cf. State v. Samora*, 2016-NMSC-031, ¶ 44, 387 P.3d 230 (concluding that the defendant failed to preserve argument that trial court improperly

limited cross-examination regarding prior convictions where defense counsel, on the record during a pretrial hearing, declined to introduce evidence of prior convictions); *State v. Dominquez*, 2008-NMCA-029, ¶ 13, 143 N.M. 549, 178 P.3d 834 (noting that any factual misunderstanding the district court may have had was invited by the state, and this Court generally "will not allow the [s]tate to invite error and then complain of it"); *State v. Franco*, 2004-NMCA-099, ¶ 21, 136 N.M. 204, 96 P.3d 329 (rejecting the state's argument because it "was not the basis on which the case was tried, and we will not allow the [s]tate to change its position on appeal"), *rev'd on other grounds*, 2005-NMSC-013, ¶ 1, 137 N.M. 447, 112 P.3d 1104. The State's position before the district court did nothing to alert the district court to the possibility that three days was a sufficient amount of time to provide Defendant with notice. As such, the State failed to preserve this argument and the question of whether notice was proper is not before us. We now turn to the State's remaining claim that was properly preserved in the district court.

## C.      The District Court Properly Excluded the Evidence

**{20}**    The State argues, as it did before the district court, that a challenge to the validity of a bench warrant based on a lack of notice is not subject to application of the exclusionary rule. We disagree, and in doing so, find the reasoning of *State v. Gurrola*, 1995-NMCA-138, 121 N.M. 34, 908 P.2d 264, persuasive. In *Gurrola*, the defendant was arrested based on an outstanding bench warrant, and while conducting a search incident to arrest and inventory search, officers discovered marijuana in the defendant's vehicle. *Id.* ¶ 4. The defendant filed a motion to suppress, arguing that the bench warrant under which he was arrested was invalid because it was not signed by a judge and the evidence seized as a result of that arrest was the fruit of an illegal arrest. *Id.* ¶ 3. We agreed with the defendant, holding that the warrant provided "an invalid basis for an arrest." *Id.* ¶ 9. Turning then to assess "the legal consequences of that invalid arrest[,]" we applied the New Mexico Constitution and its rejection of the federal good faith exception to the exclusionary rule, noted that "evidence seized pursuant to an illegal warrant must still be suppressed[,]" and concluded that the marijuana could not be used as evidence. *Id.* ¶ 10; *see also State v. Gutierrez*, 1993-NMSC-062, ¶ 1, 116 N.M. 431, 863 P.2d 1052 (holding that evidence obtained by virtue of an invalid search warrant cannot be admitted under the exclusionary rule's good faith exception, and declining to follow *United States v. Leon*, 468 U.S. 897 (1984), which held that "when an officer's reliance on a warrant that is later invalidated is objectively reasonable, exclusion of evidence is not necessary").

**{21}**    In this case, the State argues that the lack of adequate notice of the April 6, 2015 hearing was a due process violation and a due process violation does not implicate the exclusionary rule. We disagree. The State's failure to give proper notice of the April 6, 2015 hearing triggered a wrongful arrest that resulted in an unreasonable warrantless search contrary to Article II, Section 10. "Denying the government the fruits of unconstitutional conduct . . . best effectuates the constitutional proscription of unreasonable searches and seizures by preserving the rights of the accused to the

same extent as if the government's officers had stayed within the law." *Gutierrez*, 1993-NMSC-062, ¶ 55.

**{22}**    Regarding the applicability of the exclusionary rule to the execution of an invalid warrant, we find *Gurrola* to be directly analogous to this case. Furthermore, nothing in our caselaw suggests that *Gurrola*'s holding—that the fruits of an invalid warrant are subject to exclusion under Article II, Section 10—is limited to certain warrant defects. *See Lujan*, 2008-NMCA-003, ¶¶ 16-17 (declining to create distinction based on warrant defects, analogizing lack of probable cause and unsigned warrant). We therefore follow the reasoning set forth in *Gurrola* and conclude that the evidence in this case was properly excluded.

**CONCLUSION**

**{23}**    We affirm the district court.

**{24}    IT IS SO ORDERED.**

**JULIE J. VARGAS, Judge**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**RICHARD C. BOSSON, Judge Pro Tempore**